**SO ORDERED.**

**SIGNED December 12, 2008.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

EAST CAMERON PARTNERS, L.P.,                     CASE NO. 08-51207

    Debtor                                       Chapter 11

****************************************************************
                        MEMORANDUM RULING
****************************************************************
```

The present matter before the court is East Cameron Partners, L.P.'s (the "Debtor") Application for Authority and Approval to Employ Heller, Draper, Hayton, Patrick & Horn, LLC as Special Counsel to Louisiana Offshore Holding, LLC Pursuant to 11 U.S.C. §327(a) and Federal Rules of Bankruptcy Procedure 2014 (the "Application"). Section 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

After reviewing the relevant authorities and the parties' arguments, the court concludes that sections 327(a) and 327(e) do not authorize the retention of the Heller, Draper firm to represent Louisiana Offshore Holding, LLC ("LOH"). While the debtor holds a 100% ownership interest in LOH, LOH is a distinct legal entity that is not a debtor in this case. The Debtor has filed an adversary proceeding seeking to bring certain assets of LOH within the bankruptcy estate. However, the Debtor has not established any grounds for disregarding the separate existence of LOH (which is a defendant in the adversary proceeding) at this point in the case. Moreover, although the Debtor is responsible for managing the business and affairs of LOH pursuant to LOH's Limited Liability Company Agreement (the "LLC Agreement"), the Debtor's authority to act on behalf of LOH is limited by the LLC Agreement, which gives Frank Bilotta – LOH's "Independent Member" – certain powers to act on behalf of and in the name of LOH. Mr. Bilotta has objected to the Application, and contends that interests of LOH in the adversary proceeding are adverse to the estate.

Section 327(a) authorizes a debtor in possession to retain counsel to represent or assist the debtor in carrying out its duties under the code.  The language of section 327(a) does not extend to retention of counsel for a non-debtor affiliate under the circumstances of the present case.  Nor does the retention of Heller, Draper to represent LOH fall within the scope of section 327(e).  The Application is therefore **DENIED.**

**IT IS SO ORDERED.**

###

-3-

08-51207 - #110  File 12/12/08  Enter 12/15/08 12:04:35  Main Document  Pg 3 of 3