IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 08-51207** |
| | § | |
| **East Cameron Partners, LP,** | § | **Chapter 11** |
| | § | |
| Debtor | § | **Judge Summerhays** |

### DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)

East Cameron Partners, LP (the "Debtor"), debtor-in-possession in the above-referenced bankruptcy case, through undersigned counsel, files this Motion for Approval of a Settlement and Compromise Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), seeking the approval of and authority to enter into a settlement and compromise by and between the Debtor and the Defendants in Adversary Proceeding No. 08-05041 (the "Adversary Proceeding"), Louisiana Offshore Holding, LLC ("LOH"), East Cameron Gas Company ("ECGC"), Deutsche Bank Trust Company Americas ("Deutsche Bank")[1] and the Sukuk Certificateholders (the Debtor, LOH, ECGC, Deutsche Bank and the Sukuk Certificateholders are collectively referred to as the "Parties")[2], and in support thereof would respectfully show the court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion concerns the administration of the estate and allowance

---

[1] As of the filing of this Motion, neither LOH nor Deutsche Bank have agreed to the terms of the Settlement Agreement. Nevertheless, given the Debtor's liquidity challenges, and the need for the Debtor to move the case along, the Debtor feels it is imperative to file the Motion now without LOH's and Deutsche Bank's approval of the Settlement Agreement. The Debtor is hopeful of getting both LOH and Deutsche Bank to execute the Settlement Agreement prior to the hearing to consider the Settlement Agreement.

[2] The Sukuk Certificateholders, intervenors in the Adversary Proceeding, are Camulos Master Fund LP, Cheyne Capital Management (UK) LLP, The DuPont Pension Trust, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, and Plainfield Direct Inc.

**DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)**
80749011.10                                                                                   Page 1 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 1 of 14

of claims and, therefore, is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3. The Debtor respectfully requests entry of an order pursuant to Section 105 of the Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement, as defined below, in its entirety.

## RELEVANT BACKGROUND FACTS

4. On October 16, 2008 (the "Petition Date"), Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

5. During the pendency of the bankruptcy case, the Debtor has continued to operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code and no trustee or examiner has been requested or appointed as of the date of this Motion pursuant to section 1104 of the Bankruptcy Code. A chief restructuring officer has, however, been retained by the Debtor, with the Court's approval.

6. Also on October 16, 2008, the Debtor initiated the Adversary Proceeding by filing its *Verified Complaint for Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment* [Adversary Docket No. 1] (the "Original Complaint"),[3] whereby the Debtor sought to prevent the sale, conveyance, transfer, or liquidation of the overriding royalty interest (the "ORRI") utilized by the Debtor to collateralize a loan from its wholly-owned

---

[3] Unless noted otherwise, all docket numbers refer to the docket number in the main bankruptcy case, Case No. 08-51207.

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10    Page 2 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 2 of 14

subsidiary, LOH.

7. On that same day, this Court granted the Debtor's request for a temporary restraining order to prevent the sale, conveyance transfer or liquidation of the ORRI and entered a Temporary Restraining Order [Docket No. 3] (the "TRO").

8. Following substantial briefing by the Parties, and a hearing on November 7, 2008, this Court entered a Preliminary Injunction [Docket No. 56] on November 18, 2008.

9. Pursuant to the express terms of the Preliminary Injunction — which remains in full force and effect up through and including the present date — LOH, ECGC, Deutsche Bank, and their principals, agents, employees, directors, representatives and any persons acting their behalf or in active concert with them, are restrained and preliminarily enjoined from selling, liquidating, encumbering, conveying, or otherwise transferring all or any portion of the ORRI.

10. On December 19, 2008, ECGC filed its *Motion To Dismiss* [Docket No. 60], LOH filed its *Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted, Or Alternatively, For Summary Judgment* [Docket No. 67] and the Sukuk Certificateholders filed their *Motion (I) To Dismiss Plaintiff's Verified Complaint For Temporary Restraining Order, Preliminary Injunction And Declaratory Judgment, Or In The Alternative, (II) For More Definite Statement* [Docket No. 70].

11. After conducting a lengthy hearing on January 27, 2009, on the various Motions to Dismiss [Docket Nos. 60, 67, and 70], and the oral ruling of the Court on the same on March 24, 2009, this Court entered an Order on April 19, 2009 [Docket No. 123] (the "April 19, 2009 Order"), granting the Motions to Dismiss insofar as such Motions sought the dismissal of the above-captioned litigation pursuant to Federal Rule of Civil Procedure 12(b)(6), but denying

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10 Page 3 of 11

08-51207 - #473 File 02/09/10 Enter 02/09/10 17:27:02 Main Document Pg 3 of 14

such Motions to Dismiss as being moot to the extent that they sought a more definite statement under Fed.R.Civ.P. 12(e) or a summary judgment under Fed.R.Civ.P. 56.

12. The April 19, 2009 Order specifically granted leave to the Debtor up through and including April 23, 2009, to re-plead the allegations set forth in its Complaint in a manner that was consistent with the Court's ruling on the Motions to Dismiss.

13. On April 23, 2009, the Debtor filed its Amended Complaint [Adversary Docket No. 125], and the Defendants have sought and received by virtue of agreements from the Debtor and orders of this Court, multiple extensions of time to respond to such Amended Complaint. The extensions were agreed to in order to allow the parties to focus and concentrate their primary efforts on reorganizing the Debtor in the underlying bankruptcy case. The current deadline for the Defendants to answer or otherwise respond to the Amended Complaint is March 31, 2010.

14. On August 1, 2009, the Debtor filed its *Emergency Motion for entry of Interim and Final Orders Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364, 503 and 507 and Bankruptcy Rules 2002, 4001 and 9014 Authorizing the Debtor to Incur Post-Petition Secured Financing And According Super-Priority Administrative Claim Status* [Docket No. 360] (the "Financing Motion"). Pursuant to the Financing Motion, the Debtor sought $4,000,000 in secured, post-petition financing from the Lenders[4] under that certain Debtor-In-Possession Credit Agreement dated August 7, 2009 (the "DIP Credit Agreement"), in order to fund the reasonable and necessary operational expenses of the Debtor in order to continue operation of the Debtor's business, fund costs of administration and preserve the value of the Debtor's estate.

15. On August 5, 2009, the Court granted the Financing Motion on an interim basis and entered its *Interim Order Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364, 503*

---

[4] Lenders is defined as, collectively, Cheyne Special Situations Fund LP, Cheyne Vista Fund LP, Dupont Pension Trust, Camulos Master Fund LP and Plainfield Direct Inc.

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 11

08-51207 - #473　File 02/09/10　Enter 02/09/10 17:27:02　Main Document　Pg 4 of 14

*and 507 and Bankruptcy Rules 2002, 4001 and 9014 Authorizing Debtor to Incur Post-Petition Secured Financing And According Super-Priority Administrative Claim Status* [Docket No. 369].

16. On September 4, 2009, the Court granted the Financing Motion on a final basis and entered its *Final Order Pursuant to Bankruptcy Code §§ 105(a), 361, 362, 363, 364, 503 and 507 and Bankruptcy Rules 2002, 4001 and 9014 Authorizing Debtor to Incur Post-Petition Secured Financing And According Super-Priority Administrative Claim Status* [Docket No. 390] (the "Financing Order").

17. On January 29, 2010, the Debtor filed its *Second Emergency Motion for Interim & Final Orders Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, 364, 503 and 507 and Bankruptcy Rules 2002, 4001 & 9014 Authorizing Debtor to Incur Additional Post-Petition, Secured Financing and According Super-Priority Administrative Claim Status* [Docket No. 459] (the "Second Financing Motion"). Pursuant to the Second Financing Motion, the Debtor seeks to borrow an additional $490,000.00 from the Lenders on the same terms as set forth in the DIP Credit Agreement.

18. On February 9, 2010, the Debtor filed its *Motion, Pursuant To Sections 105, 363 And 365 Of The Bankruptcy Code And Bankruptcy Rules 2002, 6004, 6006, 9007 And 9014, For Entry Of: (I) An Order (A) Approving The Asset Purchase Agreement By And Between The Debtor And Cheyne Special Situations Fund LP, Cheyne Vista Fund LP, Dupont Pension Trust, Camulos Master Fund LP And Plainfield Direct Inc., (B) Authorizing The Sale Of Certain Of The Debtor's Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests, (C) Authorizing The Rejection And Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith And (D) Granting Related Relief; Or (II) An Order (A) Approving Bidding Procedures And Overbid Protections In Connection With The Sale*

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10                                                                 Page 5 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 5 of 14

*Of Certain Of The Debtor's Assets, (B) Scheduling An Auction, (C) Scheduling A Sale Hearing To Consider Approval Of An Asset Purchase Agreement Between The Debtor And The Winning Bidder At The Auction And (D) Granting Related Relief* (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor seeks to sell certain of its assets to the Lenders pursuant to section 363 of the Bankruptcy Code.

19. The hearing on the Sale Motion will occur prior to the Court's consideration of this Motion.

## DESCRIPTION OF COMPROMISE AND SETTLEMENT

20. In an effort to resolve the underlying substance of the Amended Complaint, as well as other issues relating to the Debtor's efforts to propose a viable plan of reorganization, the Parties have engaged in extensive arms-length negotiations and have reached a mutually-acceptable agreement as to the terms of a settlement of this Adversary Proceeding (the "Settlement Agreement").

21. The Settlement Agreement includes the following terms:

Conditioned on Approval of Sale of Debtor's Assets to the Lenders. The consent of one or more of the defendants to the Settlement Agreement is subject to and conditioned upon the Court's approval of the sale of the Debtor's assets to the Lenders as set forth in the Sale Motion. Therefore, if the sale to the Lenders is not approved, the Settlement Agreement is null and void and the Motion will be withdrawn.

Debtor's Dismissal of the Adversary Proceeding and Dissolution of the Preliminary Injunction. Immediately upon approval of this Motion, the Debtor will submit a proposed order in a form acceptable to all of the parties to the Adversary Proceeding which, inter alia: (i) dismisses the Adversary Proceeding with prejudice; (ii) mutually releases all of the parties to the litigation from any and all claims relating to the transaction which is the subject of the Adversary Proceeding; and (iii) immediately dissolves the Preliminary Injunction.

Payment by Sukuk Certificateholders to the Debtor. Immediately upon entry of an Order approving this Motion, the Sukuk Certificateholders shall make a single payment of Five Hundred Thousand and 00/100 Dollars ($500,000.00) to the

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10                                                                    Page 6 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 6 of 14

Debtor, which payment shall be held by the Debtor pending further order or orders of this Court.

Assignment of All of LOH's Assets to ECGC. Immediately upon entry of an Order approving this Motion, LOH shall execute an assignment, in a form satisfactory to LOH and ECGC, transferring all assets, properties, interests and rights owned or held by LOH (other than those assets, properties, interests and rights which are expressly excluded) and all business of or associated with such assets, properties, interests and rights of LOH, including the ownership, exploration, development, operation, production, processing, gathering, transportation, storage, improvement or other dealing therewith or thereof, (including, without limitation, the ORRI and all right title and interest of LOH in and to the Production, Delivery and Marketing Agreement, dated July 5, 2006, and any other agreement pledged as security for the obligations under the Funding Agreement, defined below), to ECGC, or its assignee or designee. The transfer from LOH to ECGC, or its assignee or designee, shall be subject to all of the existing mortgages and security interests securing the Funding Agreement, dated July 5, 2006, by and between LOH and ECGC (the "Funding Agreement"). LOH agrees to waive its right to arbitrate with respect to any alleged breach of the Funding Agreement.

## BASIS FOR RELIEF

22. Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules, this Court may authorize the Parties to enter into the Settlement Agreement.

23. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. Rev. 1993)).

24. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10
Page 7 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 7 of 14

court to approve compromises and settlements if they are "'fair and equitable and in the best interest of the estate.'" *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *cf. In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (decided under Bankruptcy Act). Moreover, Bankruptcy Code section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25.  Approval of a proposed settlement is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements"). The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a debtor is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the Court "is not to decide the numerous questions of law and fact raised" by the compromise, but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.)*, 382 F.3d 68, 72 (1st Cir. 2004); *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

26.  In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

(a) The probabilities of ultimate success should the claim be litigated;

(b) An educated estimate of (i) the complexity, expense, and likely duration of such litigation; (ii) possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10                                                                 Page 8 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 8 of 14

(c) The comparison of the terms of the settlement and compromise with the likely rewards of litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In *Jackson Brewing*, the Fifth Circuit specified further considerations, including (a) uncertainties of fact and law which impact the probability of success in the litigation; and (b) delay and inconvenience which impact the complexity or duration of the litigation. 624 F.2d at 602-03 (decided under Bankruptcy Act).

27. The Debtor submits that the Settlement Agreement satisfies the requirements established by the Supreme Court in *TMT Trailer Ferry*, as expanded upon by *Jackson Brewing*. The settlement will resolve entirely the pending Adversary Proceeding, will help to facilitate the continuing efforts of the parties to confect a consensual plan of reorganization, and will provide Five Hundred Thousand and 00/100 Dollars ($500,000.00) of much needed capital to the Debtor. The settlement terms are in the best interests of the Debtor, its estate, and its creditors.

28. In light of these considerations, the proposed settlement falls well within the range of reasonableness, and the Settlement Agreement, therefore, meets the standards of *TMT Trailer Ferry*, *Jackson Brewing*, and other applicable law. The foregoing particularly weigh in favor of the approval of the Settlement Agreement in light of the practical reality that "compromises are . . . often times desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Jackson Brewing*, 624 F.2d at 602 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Consequently, the Debtor respectfully requests that the Court grant this Motion and approve the Settlement Agreement.

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10                                                                 Page 9 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 9 of 14

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the Parties to enter into the Settlement Agreement as described herein, and granting such other and further relief to which the Parties may be entitled, either at law or equity.

Respectfully Submitted,

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

/s/ Stewart F. Peck
STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
ELIZABETH R. CARTER (#31090)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com; ccaplinger@lawla.com; bkadden@lawla.com; ecarter@lawla.com
*Attorneys for the Debtor*

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10                                                                                  Page 10 of 11

08-51207 - #473  File 02/09/10  Enter 02/09/10 17:27:02  Main Document  Pg 10 of 14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Motion for Approval of a Settlement and Compromise Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure Debtor* has been served upon the following parties via the Court's CM/ECF System on this 9th day of February 2010:

- Brent Barriere, barrierb@phelps.com
- Robin Cheatham, cheathamrb@arlaw.com
- Leonard Copeland, Leonard.w.copeland@usdoj.gov
- Patrick D. Devine, pdevine@pdevinelaw.com
- Matt J. Farley, mfarley@kfplaw.com
- Kristian W. Gluck, kgluck@fulbright.com
- Joseph P. Hebert, jphebert@liskow.com
- Shari L. Heyen, heyens@gtlaw.com
- Omer F. Kuebel, nobankecf@lockelord.com
- Louis M. Phillips, lphillips@gordonarata.com, pbartholomew@gordonarata.com; jalcantara@gordonarata.com
- Christopher J. Piasecki, epiasecki@davidsonmeaux.com
- Michael H. Piper, mpiper@steffeslaw.com
- Harry Rosenberg, harry.rosenberg@phelps.com
- Eric A. Schaffer, eschaffer@reedsmith.com
- William E. Steffes, bsteffes@steffeslaw.com
- Office of United States Trustee, USTPRegion05.SH.ECF@usdoj.gov
- John E. West, jwest@velaw.com

and, has been served on those parties listed on the attached service list this 9th day of February 2010.

*/s/ signature/*

DEBTOR'S MOTION FOR APPROVAL OF A SETTLEMENT AND COMPROMISE
PURSUANT TO 11 U.S.C. § 105(a) AND FED.R.BANKR.P. 9019(a)
80749011.10
Page 11 of 11

08-51207 - #473 File 02/09/10 Enter 02/09/10 17:27:02 Main Document Pg 11 of 14

| | | |
|---|---|---|
| AFCO Commercial Premium Finance<br>12160 Abrams Rd., Suite 301-LB<br>Dallas, TX 75243 | Bankruptcy Administration<br>IKON Financial Services<br>1738 Bass Rd.<br>P.O. Box 13708<br>Macon, GA 31208-3708 | Baker & Hostetler, LLP<br>1000 Louisiana St.,<br>Ste. 2000<br>Houston, TX 77002 |
| Baker & Hostetler, LLP<br>Washington Square,<br>Ste 1100<br>1050 Conneticut Ave. N.W<br>Washington, DC 20036-5304 | Baker & Hostetler, LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, OH 44114-3485 | BP America Production Company<br>4101 Winfield Rd.<br>Warrenville, IL 60555 |
| BP Corporation North America<br>501 Westlake Blvd.<br>Houston, TX 77079 | Britt, Sarkies & Associates<br>c/o Robert E. Britt<br>101 Rue Iberville, Ste. 101<br>Lafayette, LA 70508 | BSEC-Bemo Securitisation<br>7th Floor, BEMO Bank Bldg<br>Sassine Sqaure<br>Ashrafieh, Beruit, Lebanon |
| BT Exploration<br>2425 Fountain View, Suite 100<br>Houston, TX 77057 | BT Operating Co.<br>Attn.: Campbell Evans<br>2425 Fountainview, Ste. 100<br>Houston, TX 77057 | Candy Fleet<br>c/o Kenneth I. Nelkin<br>P.O. Box 2444<br>Morgan City, LA 70381 |
| Candy Fleet Corporation<br>1207 Front Street<br>Morgan City, La 70380 | Cedar Gas Company<br>1770 St. James Place,<br>Ste. 505<br>Houston, TX 77056 | Cisne and Associates, Inc.<br>Attn: Bryan M. Cisne<br>2200 Roswell Ave.<br>Charlotte, NC 28207 |
| Clean Gulf Assoc/ MSRC<br>42156 Highway 23<br>Venice, LA 70091 | Continental Production Services<br>2721 FM 521 Rd.<br>Fresno, TX 77545-9425 | Cook, Yancey, King & Galloway<br>Attn: Curtis R. Shelton<br>333 Texas St., Ste. 1700<br>Shreveport, LA 71120-2260 |
| Creel & Associate<br>Attn: Barry L. Creel<br>810 Highway 6 South,<br>Ste. 116<br>Houston, TX 77079 | DEAC Holdings, LLC<br>Attn: Charles N. Cisne<br>2117 Sunderland Place<br>Charlotte, NC 28211 | DeepSouth Chemical, Inc.<br>P.O. Box 80657<br>Lafayette, LA 70598-0657 |
| Deutsche Bank Trust Co. Americas<br>Attn: Project Finance Group<br>60 Wall Street<br>Mail Stop NYC 60-2710<br>New York, NY 10005 | Energy Cranes, LLC<br>6707 Northwinds Dr.<br>Houston, TX 77041 | Energy Cranes, LLC<br>P.O. Box 845789<br>Boston, MA 02284 |
| Energy Logistics, Inc.<br>11200 Richmond Ave., Ste. 400<br>Houston, TX 77082 | EPS Logistics Company<br>P.O. Box 80644<br>Lafayette, LA 70598 | Flowchem Technologies<br>P.O. Box 62066<br>Lafayette, LA 70596 |
| Gaffney, Cline & Associates<br>Attn: Rawdon J. H. Seager<br>Four Oaks Place<br>1360 Post Oak Blvd, Ste. 2500<br>Houston, TX 77056 | Global Securitization Svs.<br>Attn: Frank B. Bilotta<br>114 West 47th Street,<br>Ste. 2310<br>New York, NY 10036 | Global Securitization Svs.<br>Attn: Frank B. Bilotta<br>68 S. Service Rd, Suite 120<br>Melville, NY 11747-2350 |

Gray Wireline Service, Inc.
Attention: Christopher J. Piasecki
Davidson, Meaux, Sonnier & Mcelligott
810 South Buchanan Street
Lafayette, LA 70502

Greystar Corporation
10375 Richmond Ave.
Ste. 900
Houston, TX 77042

Greystar Corporation
P.O. Box 4346 Dept. 132
Houston, TX 77210

Halliburton Energy Services
Attn: Anita Sanders
2107 City West Blvd. Bldg. 4, 1323B
Houston, TX 77042-3051

Halliburton Energy Services
10200 Bellaire Blvd.
Houston, TX 77072

Halliburton Energy Services
P.O. Box 203143
Houston, TX 77216-3143

Hallman-Smith Consulting, Inc.
Attn: Christopher Smith
321 Adams Street
Decatur, GA 30030

Harvest Pipeline Company
c/o Shari L. Heyen
Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002

Instruments & Electrical
P.O. Box 386
Abbeville, LA 70511-0386

Jones, Walker
201 St. Charles Ave., 50th Floor
New Orleans, LA 70170-5100

Jones, Walker
500 Dover Blvd., Suite 120
Lafayette, LA 70503-5269

Jones, Walker
8555 United Plaza Blvd.
Baton Rouge, LA 70809-6760

KPMG
P.O. Box 493 GT
Century Yard Building
Grand Cayman, Cayman Islands

Merrill Lynch Commodities, Inc.
Attn: Kelly Funderburk
20 East Greenway Plaza, Ste. 700
Houston, TX 77046

Merill Lynch Credit Products
Attn: Nick Renwick, VP
4 World Financial Center
7th Floor
New York, NY 10080

Merrill Lynch International
Merrill Lynch Financial Centre
2 King Edward Street
London EC1A 1HQ
United Kingdom

Minerals Management Service
Public Information Office
1201 Elmwood Park Boulevard
New Orleans, Louisiana 70123-2394

Office of the United State Trustee
300 Fanin Street, Room 3196
Shreveport, LA 71101

Open Choke Energy, LLC
2425 Fountainview, Suite 100
Houston, TX 77057

Open Choke Exploration, LLC
2425 Fontainview, Suite 100
Houston, TX 77057

Postlethwaite & Netterville
A Professional Accounting Corp.
30th Floor-Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000

Premier Industries, Inc.
3450 Peters Road
P.O. Box 70
Harvey, LA 70059

Pride Offshore, Inc.
5847 San Felipe, Suite 3300
Houston, TX 77057

Production Wireline
110 Thru Way Park Rd.
Broussard, LA 70518

SPL, Inc.
8880 Interchange Drive
Houston, TX 77054

Whitney National Bank
Attn: Timothy C. Brennan
Wealth Management & Trust Dept.
228 St. Charles Ave., 2nd Floor
New Orleans, LA 70130

Louis Strubeck
Fulbright & Jaworski, LLP
200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784

Patrick D. Devine
Law Office of Patrick D. Devine
5120 Woodway Drive, Suite 8002
Houston, Texas 77056

Joseph P. Hebert
Renee Z. Berard
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503

Robin B.Cheatham
Lisa M. Hedrick
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

John E. West
Vinson & Elkins L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002

Eric A. Shaffer
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Omer F. Kuebel III
Jason M. Cerise
Locke Lord Bissell & Liddell, LLP
601 Poydras St., Suite 2660
New Orleans, Louisiana 70130

David Nelson
Securities & Exchange Commission
So.East Regional Office
801 Brickell Ave., Ste. 1800
Miami, FL 33131

Roy C. Die
RLI Insurance Company
8 Greenway Plaza, Suite 400
Houston, Texas 77040

Michael H. Piper
Steffes, Vingiello & McKenzie, LLC
13702 Coursey Blvd, Building 3
Baton Rouge, LA 70817

Louisiana Dept. of Revenue
P.O. Box 201
Baton Rouge, LA 70821-0201


Matt J. Farley
Krebs, Farley & Pelleteri, P.L.L.C.
400 Poydras St., Suite 2500
New Orleans, LA 71030

Brent Barriere
D. Skylar Rosenbloom
Phelps Dunbar LLP
365 Canal St., Suite 2000
New Orleans, LA 70130

Daniel P. Winikka
Jones Day
2727 N. Harwood St.
Dallas, TX 75201

Internal Revenue Service
1919 Smith Street
Houston, Texas 77002


Pamela D. Huff
U.S. Dept. Of Justice
1100 L Street, NW - Room 10000
Washington, D.C. 20005