**SO ORDERED.**

**SIGNED February 11, 2010.**

_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 08-51207 |
| | § | |
| East Cameron Partners, LP, | § | Chapter 11 |
| | § | |
| Debtor | § | Judge Summerhays |

**INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361, 362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014 AUTHORIZING DEBTOR TO INCUR ADDITIONAL POSTPETITION, SECURED FINANCING AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS**

CAME ON BEFORE THE COURT the motion (the "Motion")[1] of East Cameron Partners, LP (the "Debtor") for entry of an interim and final order pursuant to sections 105(a), 361, 362, 363, 364(c) & (d), 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting the Debtor authority to amend the terms and conditions set forth in that certain Debtor-In-Possession Credit Agreement by and between the Debtor and Cheyne

---
[1] All capitalized terms used herein, but not otherwise defined, shall have the meaning assigned in the Credit Agreement.

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361, 362, 363,
364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014 AUTHORIZING
DEBTOR TO INCUR ADDITIONAL POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                              PAGE 1 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 1 of 16

Special Situations Fund LP, Cheyne Vista Fund LP, Dupont Pension Trust, Camulos Master Fund LP and Plainfield Direct Inc. (individually, a "Lender", and collectively, the "Lenders"), a copy of which is attached to the Motion as **Exhibit A** (the "Credit Agreement"), in order to obtain additional postpetition, secured financing; and notice of the Motion and the hearing to consider the relief requested in the Motion (the "Hearing") having been given to the Office of the United States Trustee, counsel for the Lenders, counsel for the Official Committee of Unsecured Creditors (the "Committee"), and all parties on the Debtor's Master Service List, constitute due and sufficient notice as may be required by the Bankruptcy Code, the Bankruptcy Rules and the local rules of this Court; and no objections to the Motion having been filed with the Court; the Lenders and the Debtor have agreed to the terms of this Interim Order with respect to the Motion; or, with respect to any secured creditors who may not have agreed to the terms of this Interim Order, the entry of this Interim Order is, in all respects, appropriate and necessary; and good and sufficient cause having been shown for the entry of this Interim Order; and because entry of this Interim Order is in the best interests of the Debtor, its creditors, and other parties-in-interest:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

**Findings**

A.  On October 16, 2008 (the "Petition Date"), the Debtor filed a case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor has retained possession of its assets and has continued the operation and management of its business in this case.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

---

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                         PAGE 2 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 2 of 16

B.     The amendment to the Credit Agreement is necessary to allow the Debtor to obtain additional funds and financial accommodations in order to pay the ongoing operating and administrative expenses of its business, as well as to preserve the value of the estate.

C.     The Debtor reasonably believes that the amendment to the Credit Agreement will be sufficient to allow the Debtor to pay the ongoing operational expenses of its estate that are necessarily incurred through and including the sale of substantially all of the Debtor's assets.

D.     Given the Debtor's current financial condition, the Debtor is unable to obtain sufficient unsecured credit, allowable under section 503(b) of the Bankruptcy Code as an administrative expense, to allow it to continue to operate and preserve the value of the Debtor's estate.

E.     Moreover, the Debtor is unable to otherwise obtain credit or incur debt that is not secured by a senior, priming or equal lien on property of the Debtor's estate that is already subject to a lien.

F.     The Debtor's decision to seek and obtain additional secured, post-petition financing from the Lenders is the result of the exercise of its sound and reasonable business judgment by Goldking Capital Management, LLC, the Chief Restructuring Officer appointed by the Court. Another financing facility on terms comparable or superior to those of the Credit Agreement is not available to the Debtor.

G.     The amendment to the Credit Agreement has been negotiated by the Debtor and the Lenders at arm's-length and in good faith within the meaning of section 364(e) of the Bankruptcy Code, and any credit extended and loans made to the Debtor pursuant to the Credit Agreement, as amended, shall be deemed to have been extended, issued, or made, as the case

___

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                              PAGE 3 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 3 of 16

may be, in good faith by the Lenders as required by, and within the meaning of section 364(e) of the Bankruptcy Code.

H. The terms and conditions of the Credit Agreement, as amended, are fair and reasonable, reflect the Debtor's prudent exercise of business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

I. This Court concludes that the amendment of the Credit Agreement is in the best interests of the Debtor's estate and creditors and will, among other things, provide the Debtor with the necessary liquidity to sustain the operation of the Debtor's business through and including the sale of substantially all of the Debtor's assets.

Based upon the foregoing findings and conclusions, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (D), (G), (M) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. The findings of fact and conclusions of law set forth above are incorporated herein by this reference.

4. The Motion is **GRANTED** to the extent set forth below:

5. <u>Approval of the Credit Agreement, as Amended</u>. The terms and conditions articulated in the Credit Agreement, as amended, are hereby approved on an interim basis.

6. <u>Authorizations</u>. The Debtor is authorized to:

___
INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                    PAGE 4 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 4 of 16

(A) amend the Credit Agreement to obtain credit and borrow from the Lenders, in accordance with the terms of this Interim Order and the Credit Agreement, as amended, in the aggregate amount of up to $490,000;

(B) perform and do all acts that are required or contemplate by or in connection with this Interim Order and the Credit Agreement, as amended;

(C) execute and deliver any and all documents, instruments and agreements necessary to effectuate the terms and conditions of this Interim Order, including the attendant loan and security documents (collectively, the "<u>Financing Documents</u>") to be executed and delivered in connection with the amendments to the Credit Agreement; and

(D) comply with and perform all of the terms and conditions of this Interim Order, the Credit Agreement, as amended, the Financing Documents, and any other documents, instruments and agreements necessary to effectuate the terms and conditions of this Interim Order, and the Debtor is authorized to repay to the Lenders on behalf of the estate amounts borrowed with interest, plus all other costs, fees, expenses, charges, and claims, in accordance with and subject to the terms and conditions set forth in the Credit Agreement, as amended, any other Financing Documents, and this Interim Order.

7. <u>Credit Agreement Obligations Valid, Binding and Enforceable</u>. All obligations that the Debtor owes to the Lenders under the Credit Agreement, as amended, and this Interim Order (collectively, the "<u>Credit Agreement Obligations</u>") shall constitute obligations that are valid, binding, and enforceable against the Debtor and its estate in accordance with their terms.

8. <u>Limitation on Other Claims and Liens</u>. Other than as expressly described in this Interim Order or in the Credit Agreement, as amended, no other claim or lien having a priority

___

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                        PAGE 5 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 5 of 16

superior to or *pari passu* with any of the Credit Agreement Obligations shall be granted while any of the Credit Agreement Obligations remain outstanding.

9. <u>Super-Priority Claims</u>. Pursuant to section 364(c)(1) of the Bankruptcy Code, all of the Credit Agreement Obligations shall at all times be senior to the rights of the Debtor and all creditors in this bankruptcy case (or in any subsequent proceedings under the Bankruptcy Code) and shall constitute allowed claims having priority over any and all administrative expenses of the type specified in sections 105, 326, 328, 330, 331, 502, 503(b), 506(c), 507(a), 507(b), 546(c), 726, and 1129(a)(9) of the Bankruptcy Code (the "<u>Super-Priority Claims</u>"), subject and subordinate only to the Carve-Out (as defined below).

10. <u>Collateral for Credit Agreement Obligations</u>. As security for the Credit Agreement Obligations, the Lenders shall have and hereby are granted DIP Liens, pursuant to sections 364(c)(2), (c)(3) & (d)(1) of the Bankruptcy Code (effective upon the Closing Date and without the necessity of the execution by the Debtor of mortgages, security agreements, pledge agreements, financing statements, or otherwise) and defined as: valid, enforceable, and perfected priming liens on, and security interests in, any and all of the Debtor's assets, property or interests in property (tangible, intangible, corporeal, incorporeal, real, personal, immovable, movable and mixed), whether prepetition, postpetition, now owned or existing or hereafter acquired, arising or created, including all Commercial Tort Claims, all other actions or claims of Debtor against any Person, and all preferential and fraudulent transfer claims and other Chapter 5 Actions; (collectively, the "<u>DIP Collateral</u>"), <u>provided</u>, <u>however</u>, that the DIP Liens shall be subject and subordinate only to the Carve-Out (as defined below).

___

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                            PAGE 6 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 6 of 16

11. <u>Good Faith</u>. All credit extended and loans made to the Debtor by the Lenders in connection with the Credit Agreement, as amended, shall be and hereby are deemed to have been extended in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

12. <u>Waiver of Discharge</u>. The Credit Agreement Obligations shall not be discharged by the entry of an order confirming a plan of reorganization or liquidation in this bankruptcy case and, pursuant to Bankruptcy Code § 1141(d)(4), the Debtor has irrevocably and absolutely waived such discharge.

13. <u>Modification of the Automatic Stay</u>. After the Lenders give the Debtor written notice of the existence of an Event of Default (including those under this Interim Order and the Credit Agreement, as amended), the Lenders may take all or any of the following actions without further modification of the automatic stay pursuant to sections 362 of the Bankruptcy Code (which is hereby deemed modified and vacated to the limited extent necessary to permit such exercise of rights and remedies and the taking of such actions) or further order of or application to this Court: (a) terminate the credit commitments or obligation to make Postpetition Loans to the Debtor under the Credit Agreement, as amended; and (b) declare the principal of and accrued interest, fees, and other liabilities constituting the Credit Agreement Obligations to be due and payable.

14. <u>Effect of Closing Date</u>. Effective on the Closing Date, the Debtor is hereby deemed to have waived the right of the estate to challenge the validity and enforceability of the Credit Agreement Obligations. On the Closing Date, the releases granted by the Debtor, as set forth in Section 10.7(d) of the Credit Agreement shall be deemed effective without any further action or order of this Court.

___
INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                          PAGE 7 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 7 of 16

15. <u>Inconsistencies</u>. In the event of any inconsistency between the provisions of this Interim Order and the provisions of the Credit Agreement, as amended, and any documents and instruments executed in connection therewith, including the Financing Documents, the provisions of this Interim Order shall govern. The Debtor and the Lenders hereby are authorized to make any nonmaterial amendments, modifications, or waivers to the Credit Agreement, as amended, and the other Financing Documents without notice or further order of the Court and are authorized to execute any additional agreements necessary to document such amendments, modification, or waivers.

16. <u>Payment of Professional Fees and Expenses (§506(b))</u>. All reasonable costs and out-of pocket expenses, including the fees of any professionals retained, incurred by the Lenders in connection with the amendment of the Credit Agreement and the preservation, protection and enforcement of the Lenders' rights (the "<u>506(b) Expenses</u>"), shall be included in the Lenders' debt in accordance with and as may be subsequently limited by section 506(b) of the Bankruptcy Code. The Debtors are authorized and directed, within twenty (20) days of submission of invoices therefor (which shall contain a summary description of services rendered and a listing of hours of service by professional for the time period covered thereby), to pay all reasonable fees and expenses incurred by the Lender (including, without limitation, the reasonable fees and expenses of Fulbright & Jaworski L.L.P., or any successor or other outside counsel advising the Lenders), in each case, in connection with matters relating to the Credit Agreement and the other Financing Documents, the Debtor's bankruptcy case or the enforcement and protection of the rights and interests of the Lender in this case. None of the fees or expenses payable pursuant to this paragraph shall be subject to separate approval by this Court, and no recipient of any such payment shall be required to file any interim or final fee application with respect thereto.

___

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                                                                          PAGE 8 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 8 of 16

17. <u>No Waiver of Rights</u>. Except as otherwise specifically provided in this Interim Order and under the Bankruptcy Code, the Lenders do not waive any of their rights, including without limitation, under the Credit Agreement, as amended, the Financing Documents, the Final Order Pursuant To Bankruptcy Code §§ 105, 361, 362, 363, 364, 503 & 507 And Bankruptcy Rules 2002, 4001 & 9014 Authorizing Debtor To Incur Postpetition, Secured Financing And According Super-Priority Administrative Claim Status [Docket No. 390], the February 2, 2010, Notice of Default and Reservation of Rights from the Lenders to the Debtor, or under the Bankruptcy Code.

18. <u>No Effect on Other Rights</u>. This Interim Order shall not operate to modify, alter, impair, affect, abrogate, amend, restrict, or nullify any rights of the Lenders with respect to any person or entity other than the Debtor, nor to release, alter, impair, affect, or abrogate any debts, claims, demand, actions, and causes of action in law and equity, whether known or unknown, that the Lenders may have as to any person or entity other than the Debtor.

19. <u>Events of Default</u>. In addition to the Events of Default under the Credit Agreement, as long as any portion of the Credit Agreement Obligations remains unpaid, the Debtor shall not seek, and it shall constitute an Event of Default (and automatic termination of the Commitments) if the Debtor seeks, or if there is entered, an order dismissing this Chapter 11 Case.

20. <u>Carve-Out</u>. Notwithstanding any provision in this Interim Order to the contrary, the DIP Liens granted pursuant to this Interim Order shall be subject and subordinate to a carve-out (the "<u>Carve-Out</u>") for: (a) the fees of the United States Trustee pursuant to 28 U.S.C. § 1930, (b) carve outs for the payment of fees and expenses of Bankruptcy Court-approved professionals for the Debtor and the Committee, to the extent that such fees and expenses are provided for in

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                    PAGE 9 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 9 of 16

the Budget and allowed by the Bankruptcy Court pursuant to Bankruptcy Code §§ 330 or 331; provided, however, the Carve-Out shall not include payment of professional fees and disbursements incurred in connection with the initiation or prosecution (but not the investigation conducted prior to any such initiation or prosecution) of any claims or causes of action against the Lenders, East Cameron Gas Company ("ECGC") or the holders of sukuk certificates issued by the East Cameron Gas Company Sukuk Trust (the "Certificateholders") and/or challenging or raising any defense to the Debts of the Lenders, ECGC or the Certificateholders.

21. Limitation on Liens. Notwithstanding any other provision of this Interim Order to the contrary, the liens and other interests granted or otherwise created in the assets of the Debtor hereunder shall be subject to, and inferior to, the liens, rights and other interests of RLI (but not the liens, rights and other interests of Debtor) (i) in and to the Escrow Account (the "Escrow Account") created pursuant to that certain BT Operating East Cameron 71/72 Account Escrow and Security Agreement, as may have been amended from time to time, (the "Escrow Agreement"), (ii) under the Escrow Agreement and (iii) under any agreements or documents related to the Escrow Account or the Escrow Agreement. To the extent of a conflict between any other provision of this Interim Order and this paragraph, this paragraph shall control.

22. Limitation on Use of Credit Agreement Proceeds. Unless otherwise expressly agreed to in writing by the Lenders and approved by the Court, the proceeds of the Credit Agreement shall be used exclusively for the purposes identified in the Credit Agreement and in accordance with the provisions of the Budget. Moreover, in no event shall the proceeds of the Loans or any cash collateral be used (A) for any purpose that is not permitted under this Interim Order, (B) in a manner not shown in the Budget or in an amount greater than the aggregate amount set forth in the Budget and which would result in a Material Budget Deviation, (C) for

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                   PAGE 10 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 10 of 16

the initiation or prosecution (but not the investigation conducted prior to any such initiation or prosecution) of any Claims, causes of action, adversary proceedings (including the adversary proceeding seeking injunctive and declaratory relief against Louisiana Offshore Holding ("LOH"), ECGC and Deutsche Bank Trust Company Americas filed on October 16, 2008, currently pending as Adversary Proceeding No. 08-5041 in the Bankruptcy Court) or other litigation against any Lender, LOH, ECGC, any Certificateholder or the Collateral Agent (as defined in the Funding Agreement, dated July 5, 2006, by and between LOH and ECGC); provided, however, proceeds of the Loans may be used to pay attorneys fees and expenses to dismiss any such Claims, causes of action or adversary proceedings, (D) except as otherwise specifically provided in the Budget, to make any payments to Campbell Evans, Open Choke Energy, LLC, BT Operating Co., Open Choke Energy Advisors LLC, Open Choke Energy Partners LLC, OCEI Minerals Ltd. or any other Affiliate of Campbell Evans or any member of his family, or (E) to (i) object, contest or raise in any proceeding any defense to the validity, perfection, priority, extent or enforceability of the Credit Agreement (including the Liens granted in connection therewith), the Financing Documents, or the claims of any Lender, ECGC or the Certificateholders, or (ii) initiate or prosecute any claims, causes of action, adversary proceeding, or other litigation against the Lenders, ECGC or the Certificateholders, or their respective successors and assigns, present and future shareholders, affiliates, present and future subsidiaries, officers, directors, employees, attorneys, agents, and other representatives or to initiate or prosecute any claims, causes of action, adversary proceedings or other litigation against any of them.

23. Dismissal, Conversion, Etc. of Bankruptcy Case. If an order dismissing this Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered,

---
**INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1** **PAGE 11 of 16**

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 11 of 16

such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that: (a) until the Credit Agreement Obligations shall have been paid and satisfied in full, the Super-Priority Claims and the DIP Liens granted pursuant to this Interim Order to the Lenders, as the case may be, shall continue in full force and effect and shall remain binding on all parties-in-interest notwithstanding such dismissal and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the limited purpose of enforcing such Super-Priority Claims and DIP Liens. In the event that the Chapter 11 Case is dismissed, converted, otherwise superseded, or substantively consolidated, neither the entry of this Interim Order nor the dismissal, conversion, superseding, or substantive consolidation of the Chapter 11 Case shall affect the rights of the Lenders under the Credit Agreement or the terms and conditions of this Interim Order, including the liens granted herein, and all the rights and remedies thereunder shall be and remain in full force and effect as if the Chapter 11 Case had not been filed or the Chapter 11 Case had not been dismissed, converted, superseded or substantively consolidated.

24. <u>Effect of Future Modification of Interim Order</u>. If any or all of the provisions of this Interim Order are hereafter modified, vacated, or stayed, such stay, modification, or vacatur shall not affect: (a) the validity of any of the Credit Agreement Obligations incurred by the Debtor's estate prior to the Lenders' receipt of written notice of the effective date of such stay, modification, or vacatur; or (b) the validity, priority, or enforceability of the super-priority claims and liens granted hereby. Notwithstanding any such stay, modification, or vacatur, any of the Credit Agreement Obligations incurred by the Debtor's estates prior to the Lenders' receipt of written notice of the effective date of such stay, modification, or vacatur shall be governed in all respects by the original provisions of this Interim Order and the Credit Agreement, and the Lenders shall be entitled to all the rights, remedies, privileges, and benefits granted by this

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                         PAGE 12 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 12 of 16

Interim Order and the Credit Agreement with respect to all such Credit Agreement Obligations. Additionally, and without limitation, in the event this Interim Order is stayed, vacated, reversed, or modified on appeal, then upon such an event, an event of default under the Credit Agreement shall have occurred, and the Lenders' obligations thereunder and hereunder, at the Lenders' sole discretion, shall cease.

25. <u>Perfection Without Filing</u>. All agreements, security interests, mortgages, deeds of trust, and liens contemplated or granted by this Interim Order, including the DIP Liens (collectively, the "<u>Liens</u>"), shall constitute valid and duly perfected security interests and liens, and the Lenders shall not be required to file or serve financing statements, notices of lien, or similar instruments that otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect the Liens; and the failure by the Debtor to execute any documentation relating to the Liens shall in no way affect the validity, perfection, or priority of such Liens. If, however, the Lenders, in their sole discretion, shall decide to file any such financing statements, mortgages, deeds of trust, notices of lien, or similar instruments, or to otherwise confirm perfection of such Liens, the Debtor shall reasonably cooperate with and assist in such process, and the stay imposed by section 362(a) of the Bankruptcy Code is hereby lifted to the limited extent necessary to allow the filing and recording of a certified copy of this Interim Order or any such financing statements, mortgages, deeds of trust, notices of lien, or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of this Interim Order.

26. <u>Section 506(c) Waiver</u>. Except as provided herein above for the Carve-Out, no cost or expense chargeable or alleged to be chargeable against the DIP Collateral under section 506(c) of the Bankruptcy Code shall be incurred in this case without the express written consent

___

**INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS**
80748491.1     **PAGE 13 of 16**

08-51207 - #475   File 02/11/10   Enter 02/11/10 14:38:45   Main Document   Pg 13 of 16

of the Lenders or the prior authorization of the Court after notice to the Lenders and a hearing. Nothing contained in this Interim Order shall be deemed to be a consent by the Lenders to any charge, lien, assessment or claim against the DIP Collateral or under section 506(c) of the Bankruptcy Code or otherwise.

27.     Binding Effect.  The terms and conditions of this Interim Order and the Credit Agreement shall be binding upon the Debtor (including any Chapter 11 or Chapter 7 Trustee hereinafter appointed for the Debtor's estate to the extent allowed under applicable law), all creditors, shareholders, and parties-in-interest to these bankruptcy cases, and all successors in interest and assigns thereof, and shall inure to the benefit of the Debtor's estate and the Lenders. The provisions of this Interim Order and the Credit Agreement shall survive entry of any order that may be entered converting or dismissing the Case, and the claims and liens granted herein shall maintain their priority and validity against the Debtor and its estate as provided herein. This binding effect is an integral part of the agreement included in this Interim Order and the Credit Agreement.

28.     Prohibitions.  Notwithstanding any provision in this Interim Order to the contrary, the Debtor is prohibited from using (i) any DIP Collateral to pay down the Credit Agreement other than the payment of interest on the Credit Agreement as it becomes due, or (ii) any DIP Collateral or any proceeds from the Credit Agreement to pay any prepetition obligations.

29.     Insurance.  Borrower shall maintain and pay for insurance on all Collateral, wherever located, covering casualty, hazard, public liability, and such other risks in such amounts and with such insurance companies as are reasonably satisfactory to the Lenders (it being understood that wind storm coverage shall not be required unless specifically requested in writing by the Lenders and funded by an increase in the Commitments at the request of the

_____
INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                                    PAGE 14 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 14 of 16

Lenders). All proceeds payable under each such policy shall be payable to the Lenders for application to the Obligations. At any Lender's request, Borrower shall deliver the originals or certified copies of such policies to the Lenders with loss payable endorsements reasonably satisfactory to the Lenders, naming the Lenders as loss payee or additional insured, as appropriate.

30. Notices. Any notice which may be required to be given under this Interim Order, shall be sufficient if notice is given by facsimile transmission, hand delivery, or regular, certified or registered United States mail to:

If to the Debtor:

Stewart F. Peck
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:    504-568-1990
Telecopier:   504-310-9195

If to the Lenders:

Louis R. Strubeck, Jr., Esquire
Kristian W. Gluck, Esquire
Fulbright & Jaworski, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone:    214-855-8000
Telecopier:   214-855-8200

31. Effectiveness of Interim Order. This Interim Order shall be effective immediately upon entry by the Court, without the need to wait for any period of time as set forth in the Bankruptcy Code or the Bankruptcy Rules.

32. Objections to Interim Order and Final Hearing. Pursuant to Bankruptcy Rule 4001(d)(2), any objection to this Interim Order must be filed on or before 5:00 p.m. Central Time

___
INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1                                                                                                              PAGE 15 of 16

08-51207 - #475  File 02/11/10  Enter 02/11/10 14:38:45  Main Document  Pg 15 of 16

on February 23, 2010 (the "Objection Date"). A final hearing on the Motion shall take place on March 2, 2010, at 10:00 a.m. (the "Final Hearing"). Any objection shall be in writing and shall be filed with the Clerk of the Bankruptcy Court, with a copy served upon:

>Counsel to the Debtor:
>
>Stewart F. Peck, Esquire
>Benjamin W. Kadden, Esquire
>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
>601 Poydras Street, Suite 2775
>New Orleans, Louisiana 70130
>Telephone: 504-568-1990
>Telecopier: 504-310-9195
>
>Counsel to the Lenders:
>
>Louis R. Strubeck, Jr., Esquire
>Kristian W. Gluck, Esquire
>Fulbright & Jaworski, L.L.P.
>2200 Ross Avenue, Suite 2800
>Dallas, Texas 75201
>Telephone: 214-855-8000
>Telecopier: 214-855-8200

so that any such objections are received on or before the Objection Date.

***Approved as to Form and Substance:***

    /s/ Benjamin W. Kadden
Stewart F. Peck, Counsel for Debtor


    /s/ Louis R. Strubeck, Jr.
Louis R. Strubeck, Jr., Counsel for the Lenders

---

INTERIM ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 361,
362, 363, 364, 503 & 507 AND BANKRUPTCY RULES 2002, 4001 & 9014
AUTHORIZING DEBTOR TO INCUR POSTPETITION, SECURED FINANCING
AND ACCORDING SUPER-PRIORITY ADMINISTRATIVE CLAIM STATUS
80748491.1      **PAGE 16 of 16**