UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

In re:   Case No. 08-51207

**EAST CAMERON PARTNERS, L.P.**   Chapter 11

    **Debtor**

-------------------------------------------------

**EAST CAMERON PARTNERS, L.P.**

    **Plaintiff,**

VS.

**OPEN CHOKE EXPLORATION, LLC**   Adversary No.

    **Defendant**

## COMPLAINT
## TO AVOID AND RECOVER TRANSFERS OF PROPERTY

The **Official Committee of Unsecured Creditors** ("Committee"), acting for the benefit and on behalf of the bankruptcy estate of **East Cameron Partners, L.P.**, alleges as follows:

1.

The Committee is the duly appointed and acting Official Committee of Unsecured Creditors. The Committee was authorized to bring this action on behalf and for the benefit of the bankruptcy estate of the Debtor by Order of the Bankruptcy Court entered October 13, 2010. In such capacity, the Committee is referred to as the "Plaintiff" herein.

2.

Made defendant herein is **Open Choke Exploration, LLC** ("Defendant"). Plaintiff is

informed and believes and on that basis alleges that Defendant is a limited liability company organized under the laws of the State of Texas, with its principal offices in Houston, Texas.

## JURISDICTIONAL ALLEGATIONS

3.

The bankruptcy case was commenced by the filing on October 16, 2008 ("Petition Date") of a petition under Title 11 of the United States Code by East Cameron Partners, L.P. ("Debtor"), in the Chapter 11 bankruptcy proceedings styled *In re: East Cameron Partners, L.P.,* Case No. 08-51207 ("Bankruptcy Case") of the U.S. Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court").

4.

This adversary proceeding arises out of, arose in, and/or is related to the Bankruptcy Case. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. The causes of action set forth herein involves the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 547, 548, 549, 550 and 551 and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

5.

Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises in and relates to the Bankruptcy Case and the amount in suit exceeds $10,950.00.

6.

The instant complaint (the "Complaint") is initiated as an adversary proceeding in which Plaintiff seeks to recover property of the estate pursuant to the provisions of 11 U.S.C. §§ 544-551.

2

# FIRST CLAIM FOR RELIEF
## (TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b))

7.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8.

On or within 90 days before the Petition Date, that is between July 18, 2008 and October 16, 2008 ("Preference Period"), the Debtor made transfers of an interest of the Debtor in property, by means of a check, wire transfer, or other means, in the aggregate amount of $40,000.00, as follows:

| Dates of Transfers | Amounts |
|---|---|
| 7/31/08 | $10,000.00 |
| 7/31/08 | $20,000.00 |
| 7/31/08 | $10,000.00 |

(hereinafter collectively referred to as the "Transfers"), directly to or for the benefit of the Defendant. Further, the Transfers were made within one year of the Petition Date at times when Defendant was an "insider" as the term is used in 11 U.S.C. § 547(b)(4)(B) and within the meaning of 11 U.S.C. § 101(31).

9.

On information and belief, Defendant was a creditor of the Debtor at the time of each transfer within the meaning of 11 U.S.C. § 101(10)(A). At the time of each transfer, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

10.

The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

11.

The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt owed by the Debtor before the Transfers were made.

12.

The Debtor was insolvent throughout the Preference Period (as that term is defined and used in 11 U.S.C. §§ 101(32) and 547 of the Bankruptcy Code).

13.

The Transfers enabled Defendant to receive more on account of its debt than if the Debtor's case was under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code because, under such scenario, Defendant would not have received full payment with respect to such debt, nor even as much remuneration as the amount of the Transfers.

14.

In accordance with the foregoing, the Transfers are avoidable pursuant to 11 US.C. § 547(b).

### ALTERNATIVE SECOND CLAIM FOR RELIEF
### (TO AVOID FRAUDULENT CONVEYANCES
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B))

15.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 14,

inclusive, as if fully set forth herein.

16.

To the extent that one or more of the Transfers were not on account of an antecedent debt or that payment was made for a thing not due, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfer"); and

- A. the Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or
- B. the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or
- C. the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

17.

The Potentially Fraudulent Transfers or payment of a thing not due are avoidable pursuant to 11 U.S.C. § 548(a)(l)(B).

**THIRD CLAIM FOR RELIEF
(TO RECOVER POST PETITION TRANSFERS
PURSUANT TO 11 U.S.C. 549)**

18.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 18, inclusive, as if fully set forth herein.

19.

To the extent that one or more of the Transfers was made after the Petition Date, such

Transfers were unauthorized post-petition transfers and are avoidable pursuant to 11 US.C. § 549(a) ("Post-Petition Transfers").

**FOURTH CLAIM FOR RELIEF**
**(TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT**
**FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 550 AND**
**TO PRESERVE AVOIDED TRANSFERS FOR THE BENEFIT OF THE ESTATE**
**UNDER 11 U.S.C. § 551)**

20.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21.

The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

22.

The Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

23.

The Post-Petition Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 549, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

24.

Unless and until the Transfers, the Potentially Fraudulent Transfers, and the Post-Petition Transfers (collectively, "All Avoided Transfers") are avoided and the Defendant has paid or

turned over to Plaintiff the amount of said All Avoidable Transfers, any claim of Defendant in the Bankruptcy Case must be disallowed pursuant to 11 U.S.C. § 502(d).

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. That All Avoided Transfers avoidable under 11 U.S.C. §§ 544-549 be avoided and set aside;

2. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

3. Plaintiff shall recover from Defendant All Avoided Transfers, together with prejudgment interest thereon, at the legal rate allowed under 28 U.S.C. § 1961 from the date of each Transfer;

4. That the judgment disallow any claim of Defendant in the Bankruptcy Case until the Defendant has paid or turned over to Plaintiff the amount of said All Avoided Transfers;

5. An award of costs incurred in this suit; and

6. Such other and further relief as this Court may deem necessary and proper.

Dated: October 14, 2010.

          By: s/Michael H. Piper
           Michael H. Piper
           STEFFES, VINGIELLO & MCKENZIE, LLC
           Michael H. Piper (La. Bar No.10550)
           13702 Coursey Blvd, Bldg. 3
           Baton Rouge, LA 70817
           Telephone: 225-751-1998
           Fax: 225-751-1998
           E-mail: mpiper@steffeslaw.com
           Attorneys for the Official Committee of
           Unsecured Creditors as Plaintiff