UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

CASE NO. 08-51207

EAST CAMERON PARTNERS, L.P.                                    CHAPTER 11

DEBTOR

SECOND IMMATERIAL MODIFICATIONS TO
SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION
FILED BY EAST CAMERON PARTNERS, L.P.

The Debtor-in-Possession, East Cameron Partners, L.P., respectfully submits the

following second immaterial modifications to the Second Amended Chapter 11 Plan of

Reorganization Filed by East Cameron Partners, L.P. (the "Plan") (Docket No. 598):

1.

Article VIII, Section 8.2 of the Plan is amended and restated in its entirety as follows:

**8.2   Releases by the Debtor.**  As of the Effective Date, for good and valuable
consideration, the adequacy of which is hereby confirmed, the Debtor, the Reorganized Debtor,
the Liquidating Trustee and any Person seeking to exercise the rights of the Debtor or the
Debtor's Estate, including, without limitation, any successor to the Debtor or the Debtor's Estate
or any Estate Representative, shall be deemed to forever release, waive, and discharge all claims,
obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims
or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever,
including for negligence, but excluding for fraud, willful misconduct, intentional tortious acts or
gross negligence in connection with or related to the Debtor, the Chapter 11 Case, or this Plan
(other than the rights of the Debtor, the Reorganized Debtor or any Estate Representative to
enforce this Plan and the contracts, instruments, and other agreements or documents delivered
thereunder), and that may be asserted by or on behalf of the Debtor, the Estate, the Reorganized
Debtor, the Liquidating Trustee or any Person seeking to exercise the rights of the Debtor or the
Debtor's Estate, including, without limitation, an Estate Representative, whether liquidated or
unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or
unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in
whole or part on any act, omission, transaction, event, or other occurrence taking place on or
prior to the Effective Date in any way relating to the Debtor, the Reorganized Debtor, the
Chapter 11 Case, or this Plan, and that may be asserted by or on behalf of the Debtor, the Estate,
the Reorganized Debtor, the Liquidating Trustee or any Person seeking to exercise the rights of
the Debtor or the Debtor's Estate, including, without limitation, an Estate Representative, against

(i) any attorneys of the Debtor (excluding the pending preference action); (ii) the members (but not in their individual capacities) and Professionals of the Committee; and (iii) with respect to each of the above-named Persons, such Persons' principals, employees, agents, affiliates, current and former officers and directors.

2.

Article VIII, Section 8.4 of the Plan is amended and restated in its entirety as follows:

**8.4** **Injunction.** Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Bankruptcy Court, all Persons who have held, hold, or may hold a Claim or other debt or liability of Debtor or Interest or other right of any Debtor partner, or any other Cause of Action arising from or related to the Debtor's Chapter 11 Case, shall be permanently enjoined, on and after the Effective Date, from taking any actions on account of such Claims, debts, liabilities, or Interests or rights, including but not limited to: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest against any of the Debtor, the Reorganized Debtor, or counsel employed by the Debtor in the Debtor's Chapter 11 Case; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim or Interest against the Debtor, the Reorganized Debtor, or any counsel employed by the Debtor in the Debtor's Chapter 11 Case; (c) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Interest, or the Reorganized Debtor, or counsel employed by the Debtor in the Debtor's Chapter 11 Case; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to or from the Debtor, the Reorganized Debtor, or counsel employed by the Debtor in the Debtor's Chapter 11 Case; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, unless in any matter involving the Debtor, the Reorganized Debtor, or counsel employed by the Debtor in the Debtor's Chapter 11 Case, the matter is brought only in the Bankruptcy Court. Any person or Person injured by any willful violation of such injunction, including but not limited to filing an action in any other court or forum, shall recover actual damages, including costs and professionals' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator. The Bankruptcy Court also may impose any additional sanctions as may be appropriate under the circumstances, including contempt sanctions.

3.

Article VIII, Section 8.5 of the Plan is amended and restated in its entirety as follows:

**8.5** **Exculpation and Limitation of Liability.**

    **(a)** None of the (i) Debtor's counsel, or (ii) the Creditors Committee, or any of their respective Professionals, principals, employees, agents, affiliates, current and former officers, current and former directors, financial advisors, attorneys, investment bankers, accountants, consultants and other professionals, agents and any of their successors and assigns, shall have or incur any liability (subject to the

exception stated herein) to any holder of a Claim or a Debtor Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of this Plan, the solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the Confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, including acts or omissions which are the result of negligence, but excluding acts or omissions which are the result of fraud, gross negligence, willful misconduct or willful violation of federal or state securities laws or the Internal Revenue Code, any liability arising from or in connection with tax returns filed by or on behalf of the Debtor, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

**(b)**     Notwithstanding any other provision of this Plan, no holder of a Claim or a Debtor Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action (subject to the exception state herein) against (i) the Debtor's counsel, or (ii) the Creditors Committee, or any of their respective present or former Professionals, principals, employees, agents, affiliates, current and former officers, current and former directors, financial advisors, attorneys, investment bankers, accountants, consultants and other professionals, agents and any of their successors and assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of this Plan, solicitation of acceptances of this Plan, the pursuit of Confirmation of this Plan, the Confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, including acts or omissions which are the result of negligence but excluding acts or omissions which are the result of fraud, gross negligence, willful misconduct or willful violation of federal or state securities laws or the Internal Revenue Code, any liability arising from or in connection with tax returns filed by or on behalf of the Debtor, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD

_____
STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Second Immaterial Modifications to

the Second Amended Chapter 11 Plan of Reorganization Filed by East Cameron Partners, L.P.

has been served upon the following parties via the Court's CM/ECF System on this 2nd day of

December 2010:

- Brent Barriere, barrierb@phelps.com
- Robin Cheatham, cheathamrb@arlaw.com
- Leonard Copeland, Leonard.w.copeland@usdoj.gov
- Patrick D. Devine, pdevine@pdevinelaw.com
- Matt J. Farley, mfarley@kfplaw.com
- Kristian W. Gluck, kgluck@fulbright.com
- Joseph P. Hebert, jphebert@liskow.com
- Shari L. Heyen, heyens@gtlaw.com
- Omer F. Kuebel, nobankecf@lockelord.com
- Louis M. Phillips, lphillips@gordonarata.com, pbartholomew@gordonarata.com; jalcantara@gordonarata.com
- Christopher J. Piasecki, epiasecki@davidsonmeaux.com
- Michael H. Piper, mpiper@steffeslaw.com
- Harry Rosenberg, harry.rosenberg@phelps.com
- Eric A. Schaffer, eschaffer@reedsmith.com
- William E. Steffes, bsteffes@steffeslaw.com
- Office of United States Trustee, USTPRegion05.SH.ECF@usdoj.gov
- John E. West, jwest@velaw.com

and has been served on those parties listed on the attached service list this 2nd day of December

2010.

_____