**SO ORDERED.**

**SIGNED December 09, 2010.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 08-51207 |
| EAST CAMERON PARTNERS, L.P. | CHAPTER 11 |
| DEBTOR | |

ORDER GRANTING MOTION OF DEBTOR FOR APPROVAL OF A SETTLEMENT
AND COMPROMISE PURSUANT TO 11 U.S.C. §105(a) AND FED.R.BANKR.P. 9019(a)

This matter came before the Court on Tuesday, November 30, 2010 on the Motion of East Cameron Partners, L.P. ("*Debtor*") for Approval of a Settlement and Compromise Pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 9019(a) ("*Motion*") **(Docket No. 735)**. Notice of the hearing was given and appearances were as noted in the record. Considering the pleadings, the record herein, the statements of counsel, the applicable law, the objections filed herein, and for the reasons stated on the record at the hearing the Court is of the opinion that the Motion should be granted.

Therefore, it is ORDERED that the Motion is GRANTED;

It is FURTHER ORDERED that the proposed settlement and compromise (the "*Settlement Agreement*") between the Debtor and Cedar Gas Co. ("*Cedar Gas*"), attached hereto as Exhibit "A"

and incorporated herein, is hereby approved and the Debtor is authorized to enter into the Settlement Agreement;

It is FURTHER ORDERED that pursuant to the Settlement Agreement, with respect to Proof of Claim No. 23, Cedar Gas will be granted an allowed general unsecured claim in the total amount of $500,000.00.

It is FURTHER ORDERED that the Debtor, on behalf of the Debtor and the Debtor's estate, for itself and its attorneys, agents, representatives and employees, hereby unconditionally releases, acquits, and forever discharges Cedar Gas and its attorneys, agents, representatives and employees from any and all claims and causes of action, suits, controversies, damages, rights, claims, demands, losses, costs, expenses, and liabilities, whatsoever and of any kind or nature, in law or in equity, whether liquidated or unliquidated, contingent or otherwise, known or unknown, which the Debtor, on behalf of itself and the Debtor's estate, has or may have against Cedar Gas (irrespective of whether any such claims or matters arise or arose out of contract, fraud, breach of duty, common law, tort, violation of statutory laws or regulations or any other theory or basis); provided, that the provisions of this paragraph shall not include, affect or release any obligations of the Parties created by the Settlement Agreement.

It is FURTHER ORDERED that Cedar Gas, for itself and its attorneys, agents, representatives and employees hereby unconditionally releases, acquits, and forever discharges the Debtor, and the Debtor's estate and its attorneys, agents, representatives and employees from any and all claims and causes of action, suits, controversies, damages, rights,. claims, demands, losses, costs, expenses, and liabilities, whatsoever and of any kind or nature, in law or in equity, whether liquidated or unliquidated, contingent or otherwise, known or unknown, which Cedar Gas has or may have against the Debtor and the Debtor's estate, (irrespective of whether any such claims or matters

2

arise or arose out of contract, fraud, breach of duty, common law, tort, violation of statutory laws or regulations or any other theory or basis); provided, that the provisions of this paragraph shall not include, affect or release any obligations of the Parties created by the Settlement Agreement.

###

This Order was prepared and is being submitted by:

Stewart F. Peck (#10403)
Christopher T. Caplinger (#25357)
Benjamin W. Kadden (#29927)
Joseph P. Briggett (#33029)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Attorneys for the East Cameron Partners, L.P.*

3

08-51207 - #753  File 12/09/10  Enter 12/09/10 15:38:42  Main Document  Pg 3 of 10

# COMPROMISE AND SETTLEMENT AGREEMENT

THIS COMPROMISE AND SETTLEMENT AGREEMENT ("Agreement"), by and between, East Cameron Partners, L.P. ("ECP" or "Debtor"), acting in its capacity as Debtor-in-Possession in the Bankruptcy Case as defined below, and Cedar Gas Company, a Texas corporation ("Cedar Gas"), is entered into for the mutual considerations and purposes herein expressed. In this Agreement, ECP and Cedar Gas may sometimes be collectively referred to as "the Parties."

WHEREAS, on October 16, 2008, ECP filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana (the "Bankruptcy Court"), with the assigned Case No. 08-51207 ("Bankruptcy Case");

WHEREAS, the Debtor and Cedar Gas were two of several settling parties to a Settlement Agreement resolving litigation between the parties in the case styled *Cedar Gas Company v. East Cameron Partners, et. al.*, Civl Action No. 6:06-CV-1048, United States District Court, Western District of Louisiana, Lafayette Division. Pursuant to that Settlement Agreement, Cedar Gas and ECP were among the parties which entered into a Third Amendment to Gas Purchase Contract, revising certain terms to a Base Contract for the Purchase and Sale of Natural Gas dated August 1, 2003 ("Cedar Contract");

WHEREAS, the Debtor asserts that it rejected its contractual relationship with Cedar Gas in the Cedar Contract pursuant to a certain Asset Purchase Agreement which was approved by Court Order dated March 31, 2010, and by the Amended Court Order dated April 22, 2010 (the Amended Court Order, the "Sale Order");

WHEREAS, pursuant to the Sale Order, the Court authorized the Debtor to sell the Acquired Assets (as defined in the Sale Order) to the Buyers or their assignee(s) or designee(s) "free and clear of all liens, claims, encumbrances, and other interests" (all such liens, claims, encumbrances and other interests shall be referred to collectively as "Liens");

WHEREAS, paragraph 50 of the Sale Order provides that "Nothing in this Order shall affect, release, bar, estop, enjoin, or in any other manner affect any contractual rights, liens, or encumbrances which Cedar Gas had against the Buyers, or any other party other than the Debtor, prior to the Closing Date that are independent of any contractual rights, liens or encumbrances that are stripped from the Acquired Assets pursuant to the terms of this Order;"

WHEREAS, Cedar Gas filed a Proof of Claim in the Bankruptcy Case asserting an unsecured claim in the amount of $800,000.00 in damages arising from Debtor's purported rejection of its contractual relationship with Cedar in the Cedar Contract. The damage amount of $800,000 as asserted in this Proof of Claim represents damages arising from the 8% of the gas sales under the Cedar Contract attributable to the net revenue interests of the Debtor. Cedar Gas further asserted that the recorded Cedar Contract creates a covenant which runs with the land (the "Covenant Running with the Land") and continues in force and effect as to the remaining non-debtor parties to the Cedar Contract, and their respective successors and assigns;

WHEREAS, Cedar Gas asserts that the the Cedar Contract created the Covenant Running with the Land;

WHEREAS, Cedar asserts that the Sale Order did not authorize a sale of the Acquired Assets to Buyers free and clear of the Covenant Running with the Land, and that the Covenant Running with the Land remains binding upon any remaining non-debtor parties to the Cedar Contract, and their respective successors and assigns, including, without limitation, the Buyers,

and Cedar Gas asserts that the Covenant Running with the Land was binding upon Louisiana Offshore Holding, LLC and its successors and assigns before the entry of the Sale Order, and it remains binding upon any successors and assigns of Louisiana Offshore Holding, LLC, including, without limitation, ORRI, L.L.C. after the entry of the Sale Order;

WHEREAS, ECP filed an Objection to the Claim filed by Cedar Gas, asserting certain defenses, among them that Cedar Gas failed to provide adequate information in support of its claim;

WHEREAS, ECP has asserted in its Disclosure Statement, as amended, filed in the Bankruptcy Case that it discovered potential discrepancies between the purchase price paid by Cedar Gas for the gas purchased from the Debtor and the purchase price dictated under the terms and conditions of the Cedar Contract;

WHEREAS, the Parties had agreed to consolidate the trial on the Objection to Claim with an Adversary Proceeding to be filed by the Debtor setting forth its affirmative claims against Cedar Gas;

WHEREAS, the Parties have reached a complete settlement of all claims and disputes between them, and enter into this Agreement to fully and finally resolve both the present dispute and any other disputes that may have arisen from any aspect of their dealings with each other prior to and contemporaneous with the execution of this agreement.

WHEREAS, this Agreement is entered into by the Parties for the sole purpose of avoiding the uncertainty, delay, expense and inconvenience of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and obligations set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

- 3 -

1.      Cedar Gas shall be granted an Allowed Unsecured Claim in the Bankruptcy Case in the amount of $500,000.00.

2.      The Debtor, on behalf of the Debtor and the Debtor's estate, for itself and its attorneys, agents, representatives and employees, hereby unconditionally RELEASES, ACQUITS, and FOREVER DISCHARGES Cedar Gas and its attorneys, agents, representatives and employees from any and all claims and causes of action, suits, controversies, damages, rights, claims, demands, losses, costs, expenses, and liabilities, whatsoever and of any kind or nature, in law or in equity, whether liquidated or unliquidated, contingent or otherwise, known or unknown, which the Debtor, on behalf of itself and the Debtor's estate, has or may have against Cedar Gas (irrespective of whether any such claims or matters arise or arose out of contract, fraud, breach of duty, common law, tort, violation of statutory laws or regulations or any other theory or basis); provided, that the provisions of this paragraph shall not include, affect or release any obligations of the Parties created by this Agreement.

3.      Cedar Gas, for itself and its attorneys, agents, representatives and employees hereby unconditionally RELEASES, ACQUITS, and FOREVER DISCHARGES ECP, and the Debtor's estate and its attorneys, agents, representatives and employees from any and all all claims and causes of action, suits, controversies, damages, rights,. claims, demands, losses, costs, expenses, and liabilities, whatsoever and of any kind or nature, in law or in equity, whether liquidated or unliquidated, contingent or otherwise, known or unknown, which Cedar Gas has or may have against ECP and the Debtor's estate, (irrespective of whether any such claims or matters arise or arose out of contract, fraud, breach of duty, common law, tort, violation of statutory laws or regulations or any other theory or basis); provided, that the provisions of this paragraph shall not include, affect or release any obligations of the Parties created by this

- 4 -

08-51207 - #753  File 12/09/10  Enter 12/09/10 15:38:42  Main Document  Pg 7 of 10

Agreement.

4. Should any provision of this Agreement be declared or determined by any court to be illegal, invalid or unenforceable, the validity of the remaining terms or provisions hereof shall not be affected thereby, and said illegal, invalid or unenforceable part, term or provision shall not be deemed to be a part of this Agreement.

5. This Agreement sets forth the entire understanding of the undersigned Parties with respect to the subject matter hereof, supersedes all existing agreements (whether oral or written) among them concerning such subject matters and may be modified only by a written instrument duly executed by all of the undersigned parties. There are no representations, warranties, or other agreements among the undersigned Parties in connection with the subject matter of this Agreement, except as specifically set forth herein.

6. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without giving effect to conflict of laws. This Agreement shall not be construed against the drafter.

7. This Agreement may be executed in multiple copies and counterparts via email or facsimile transmission, it not being necessary for each party to sign the same counterpart, each of which shall be deemed an original, all of which counterparts shall be taken together to be one and the same instrument.

8. Each of the undersigned Parties agree hereafter to execute such further documents and to take such further actions as are reasonably requested by any other Parties hereto in order to more fully effectuate the terms and provisions hereof.

9. Nothing contained in this Agreement shall be considered an admission of liability

on the part of any of the Parties.

10. The Parties shall bear their own attorneys' fees and costs in connection with the matters resolved hereby, as well as this Agreement.

11. The Parties acknowledge and agree that this Agreement and the waivers and relinquishments contained herein shall not be or become effective unless and until the following conditions are satisfied:

(i) this Agreement shall have been executed and delivered by the Parties; and

(ii) the Bankruptcy Court presiding over the Bankruptcy Case shall have issued an order approving the terms of the Agreement and no appeal to such order shall have been filed. In the event the Bankruptcy Court does not approve this Agreement or the order approving this Agreement is appealed, this Agreement shall in all respects be considered null and void until such time as a final, unappealable order is entered approving the Agreement in full.

12. Upon satisfaction of the conditions set forth in the paragraph above, the terms of this Agreement shall be binding upon the bankruptcy estate and any Liquidating Trustee, Successor Trustee, or Chapter 7 Trustee or other representative of the Debtor's estate which may be appointed or approved in the Bankruptcy Case.

13. The Parties have caused this Agreement to be executed on the dates indicated below.

- 6 -

08-51207 - #753  File 12/09/10  Enter 12/09/10 15:38:42  Main Document  Pg 9 of 10

Date: 12/3/10

Cedar Gas Company

By: *R. Kevin Russell*
Title: Vice President

Date: _____

East Cameron Partners, L.P.

By: *Leonard C. Tallerine Jr.*
Title: C.R.O.